OPINION of the Court, by
Judge Logan.
The appellee having obtained several judgments against one Reynolds, and sued oat executions thereupon, which being levied on a waggon and four horses, the appellant obtained a “ writ of replevin,” and in virtue thereof procured the property thus executed to be given up to him upon his executing bond with security conditioned to be void, if he well and truly prosecuted his claim, or should return the property aid pay all legal costs, d adjudged so to do.
These proceedings were quashed by the Fayette circuit court, before whom they were returned. The ap-pellee then instituted his action on the said bond, and recovered a verdict and judgment for £. 40 in damages and costs. From which this appeal is prosecuted.
The questions presented by the record and assignment of errors are in substance as follows :
1st. That there is no cause of action set forth in the declaration, because it is alleged the writing on which it is founded was void, inasmuch as the appellant had no right to the “replevin” in the case.
2d. That the court in deciding on the appellant’s right in the “ replevin” and the proceedings thereon, did not order a return of the property by the appellant.
3d. That the court erred in not instructing the jury as moved for in the last bill ©f exceptions.
The first objection to the appellee’s right to recover is predicated on the irregularity and unwarranted procedure of the party who makes the objection, and which the appellee had no power to control and was obliged to submit to. And however illegal, the proceedings were, Roman thereby obtained possession of the property from the custody of the law, and to the injury of the yppeRee. But his bond was freely and deliberately executed, and as an indemnity to Stratton, if he (Roman) *200 ⅛|}6(| ⅛ tiv- uc tioti of replevin, iof such is the effect and me»n>!!g ol the bond. '1 herefore, to permit the party to avail him;* If of this objection, could have no better justification for so doing-, than the party’s own wrong. The bond in short, was given for a valuable consideta* tioti in regard to the parties, and Roman and his security must abide by it.
2d. This objection is substantially answered ⅛ our opinion upon the first assignment of error.
3d. The instructions moved for as stated in the bill exceptions, were, that as the plaintiff produced no other evidence but the record of the judgment and proceedings in the action of “ replevin”, and a witness who proved that the waggon and horses were worth the sum stated in the bond dec! tred on, the plaintiiF was not entitled' to recover more than nominal damages ; the cause then standing on a writ of inquiry, a verdict for that reason seems not to have been doubted in favor of the plaintiff!
The bond declared on was the evidence ofthe plaintiff’s demand, and the value ofthe property which had been executed and replevied, was the amount of the damage occasioned by its non-delivery, provided it did not exceed that demand. Rut if the sum due were incorrectly stated in the bond, then it was incumbent on the party complaining of it, to have shewn that fact.
Judgment affirmed. &c,